Sly *v.* Steinman.

STATE, TO USE OF SLY, Plaintiff in Error, *vs.* STEINMAN & LAUMAN, Defendants in Error.

1. Case not properly saved.

*Error to St. Louis Court of Common Pleas.*

This was a suit on an attachment bond, executed by Steinmann, as principal, and Lauman, as security, to enable the former to sue out a writ of attachment against Eli Sly. The plaintiff claimed damages to the amount of $1,200. The defendants filed a motion to strike out a part of the plaintiff's petition, which was sustained. This motion is set out in the opinion below. There is nothing in the record sent up to indicate what portion of the plaintiff's petition was stricken out, nor does it appear that any exception was taken to the action of the court in sustaining the motion to strike out.

The case was tried by the court and resulted in a judgment for the plaintiff for sixty dollars, to reverse which, plaintiff sued out a writ of error. No motion for a review of the finding by the court was made below.

*H. N. Hart*, for plaintiff in error.

*C. C. Simmons*, for defendants in error.

RYLAND, Judge. The only question presented to this court by the counsel for the plaintiff in error, is the legality of the decision of the court below in sustaining the defendants' motion to strike out a part of the plaintiff's petition. The motion of the defendants, to strike out, is as follows : " And now come the said defendants and move the court to strike out all of that portion of said plaintiff's petition contained in and following after the seventh line, on the fourth page of the plaintiff's petition, to the ninth line of the last page thereof, for the reason, that the claim for damages set forth in the above mentioned portion of said petition, is, in all respects, of such a

nature, being merely speculative, imaginary, remote and illegal, that the same cannot be lawfully claimed or adjudicated upon, nor can the same be proper subject matter for trial in this cause." It is impossible for this court to see what part of the said petition was stricken out, as the line and page cannot be ascertained from the record now before the court. From the record, it appears, that this motion was sustained, but there is no exception taken to this decision of the court below. The case was afterwards submitted to the court, and there is a finding of facts, which authorizes the judgment given, and no application for a review. There is nothing, then, which this court can notice as error. The judgment is therefore affirmed, the other judges concurring.